OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Leyshon.
[Cite as Disciplinary Counsel v. Leyshon (1994),      Ohio St.3d          .]
Attorneys at law -- Misconduct -- Two-year suspension with
     final year stayed for a probationary period of two years
     with conditions -- Conduct prejudicial to the
     administration of justice -- Conduct adversely reflecting
     on fitness to practice law -- Neglect of an entrusted
     legal matter.
     (No. 93-1712 -- Submitted September 28, 1993 -- Decided
February 2, 1994.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-53.

In a complaint filed October 19, 1992, relator, Office of Disciplinary Counsel, charged respondent, Frank K. Leyshon of Cambridge, Ohio, Attorney Registration No. 0008415, with eighteen counts of disciplinary infractions.  In his answer, respondent admitted some allegations and disputed others. Thereafter, the parties entered into a sixty-seven paragraph stipulation concerning the underlying facts as to sixteen of the counts, and relator withdrew the remaining two counts.

On June 25, 1993, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court held a hearing on the matter.  The parties' stipulations and evidence at the hearing established that respondent had practiced law for thirty years, but that from August 1986 through February 1993, respondent had developed a pattern of misconduct and negligence in the handling of certain cases.

Respondent failed to respond to pleadings or discovery requests in Counts II, III, X, XI, XII, XIII, XV, and XVI.  As a consequence, in some cases, courts awarded attorney fees as sanctions and even judgments against respondent's clients.

In Count III, for example, respondent filed a medical malpractice action in August 1986 on behalf of Earl Hershey. However, respondent failed to respond to motions to compel discovery.  Ultimately, the trial court awarded summary judgment to the defendant physican in April 1987, and to the last defendant in November 1987.  Yet, as charged in Count XII,

respondent misinformed his client as to the status of the case.  Hershey later sued respondent for legal malpractice.  In that legal malpractice litigation, the trial court found respondent in contempt of court for not obeying discovery orders, and awarded Hershey a liability judgment and attorney fees against respondent.

In Count XIII, respondent represented the defendant Paul Peterson in Ferrell v. Peterson.  Because respondent did not file an answer, the court awarded Ferrell a default judgment.  Neither Peterson nor respondent showed up at the hearing on damages, and the trial court awarded Ferrell a judgment for over $36,000.  Subsequently, Peterson retained other counsel, and the trial court vacated the default judgment under Civ. R. 60(B)(5) based upon respondent's "inexcusable neglect."

Respondent neglected the handling of seven criminal appeals as charged in Counts IX, XIV, and XVI.  Essentially, respondent, as counsel of record, filed a notice of appeal, but did not thereafter dismiss the appeal, withdraw as counsel, or complete the appeal by filing a transcript and brief.  The courts of appeals subsequently dismissed those appeals for lack of prosecution.  In one case, the court of appeals later allowed a delayed appeal, finding respondent's "ineffectiveness prejudiced the rights of Appellant to due process."  Respondent explained that he never pursued these appeals because clients did not complete the necessary financial arrangements.

In addition to neglect, the panel found respondent had a tendency "to file lawsuits, ignore court orders, and blame clients, secretaries or the legal system for his own neglect of matters."  For example, in Count IV, respondent represented Dewey Kimble, the defendant in Christman v. Kimble, a civil action for replevin of cattle, ejectment, and damages.  During a hearing, respondent testified and also announced he would not remain as counsel in the case.  Instead of withdrawing, however, respondent filed an amended answer and third-party complaints for $1.2 million dollars against plaintiff Christman, his two lawyers, including C. Keith Plummer, and Judge John E. Henderson, the trial judge.  Judge William Gillie, who replaced Henderson as the trial judge, banned respondent from acting as counsel for Kimble, struck the amended answer and cross-complaints that respondent had filed, and awarded attorney fees of $6,841 to Christman, Plummer, and Judge Henderson, based upon respondent's willful violation of Civ.R. 11.

As to Count VI, respondent appealed Judge Gillie's rulings, but then never filed a transcript, and the court of appeals dismissed the appeal.  As to Count VII, respondent filed a separate suit, Leyshon v. Plummer et al., against those parties awarded attorney fees in Christman v. Kimble to secure an award equal to those fees and an injunction preventing enforcement of the Christman judgment.  Ultimately, respondent agreed to an entry awarding Plummer and the others additional attorney fees, thereby totalling $10,500.  However, respondent has yet to pay all of the agreed sums.  As to Count VIII, respondent also filed a prohibition action in the court of appeals, Leyshon v. Gillie, on the same day he filed Leyshon v. Plumber.  The court of appeals dismissed that prohibition complaint.  Counts I and XVII involved other minor disciplinary

infractions.

The parties stipulated and the panel found that respondent had violated DR 1-102(A)(5)(conduct prejudicial to the administration of justice); 1-102(A)(6)(conduct adversely reflecting upon his fitness to practice law); and 6-101(A)(3)(neglect of an entrusted legal matter).

In mitigation, the panel considered an evaluation of respondent by clinical psychologist, Dr. James W. Siddall. Dr. Siddall found that four factors may have contributed to respondent's conduct, namely, the 1990 death of his father, debts from the law practice, alcohol abuse, and a pattern of situational depression with associated alcohol dependence. In mitigation, the panel also considered the fact that respondent had practiced for thirty years. Additionally, the panel noted that "Disciplinary Counsel was unable to identify any substantial prejudice to any client resulting from the numerous counts of neglect and, in fact, only two complained." Many neglect situations "appeared to be Respondent's shorthand substitute for withdrawing as counsel."

The parties jointly recommended that respondent be suspended from practice for a year, but that six months of that period be stayed and respondent be placed upon monitored probation for a period of two years. However, the panel rejected the suggestion that probation be monitored by a "mentor," since respondent had sufficient experience to organize his practice if he would accept the responsiblity to do so. The panel did "strongly feel that treatment for [respondent's] alcohol dependence/depression is an absolute necessity." Further, the panel recommended that respondent be suspended from the practice of law for two years, but that one year of that suspension be stayed upon the condition of a two-year probation which will include regular treatment with Dr. Siddall.

The board adopted the findings of fact, conclusions of law, and recommendations of the panel and further recommended that the costs of the proceedings be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Sally A. Steuk, Assistant Disciplinary Counsel, for relator.
James N. Perry, for respondent.

Per Curiam. We agree with the board's findings and recommendations. Accordingly, we suspend respondent from the practice of law for two years, with the final year of the suspension stayed for a probationary period of two years, if during this period the respondent receives continuing treatment from a licensed psychiatrist or psychologist such as Dr. Siddall. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.
Pfeifer, J., dissents and would suspend respondent from the practice of law for one year, with six months stayed.